IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RONNIE M. LIGHTFOOT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-410-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ronnie M. Lightfoot, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed, in part, and denied, in part.

I. PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that petitioner is currently serving, concurrently, a 1993 20-year nondiscretionary mandatory

supervision eligible sentence for burglary of a habitation and a 2006 6-year discretionary mandatory supervision eligible sentence for possession of a controlled substance. (Resp't Answer, Ex. C) Petitioner was notified on August 6, 2009, that he would be initially reviewed for discretionary mandatory supervision release on his 6-year sentence in October 2009, preceding his then projected release date of November 19, 2009. (Resp't Answer, Ex. A) On October 9, 2009, the Texas Board of Pardons and Paroles (the Board) denied petitioner's release, citing the following reasons:

- 9D1- The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
- 9D2- The record indicates that the inmate's release would endanger the public.
- 1D- The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses.
- 3D- The record indicates excessive drug or alcohol involvement that includes possession, use or delivery in the instant offense or criminal history.

(Resp't Answer at 3 n.5, 6, Ex. B)

Petitioner pursued time dispute resolution through TDCJ on

September 27, 2006 and July 16, 2009, and TDCJ responded to petitioner on May 23, 2007 and October 22, 2009, respectively, that there was no error in his time calculations. (Resp't Answer, Ex. C) Petitioner filed two state habeas applications thereafter, on March 2, 2010 and April 5, 2010, raising the claims presented herein. *Ex parte Lightfoot*, WR-73,661-01 & -02. The first was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on March 31, 2010. The second was denied by the Texas Court of Criminal Appeals without written order on May 12, 2010. This federal petition was filed on May 4, 2010.[1]

## II. GROUNDS FOR RELIEF

Petitioner raises two grounds for relief, in which he claims he is unconstitutionally and illegally confined because (1) he has served more than 100% of his 1993 20-year sentence and the Board is retroactively applying HB 1433 (establishing discretionary mandatory supervision) to his 20-year sentence, and (2) under the "concurrent sentence doctrine" the "existence of

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

3

one valid (BOAH)[2] conviction makes unnecessary review of [his] other (POCS)[3] conviction which run[s] concurrently with [the] valid (BOAH) conviction." (Petition at 7)

### III. RULED 5 STATEMENT

Respondent admits petitioner has sufficiently exhausted his state court remedies, his claims are not procedurally barred, and his petition is not successive. (Resp't Answer at 4) Respondent does believe, however, that the petition is time-barred. (*Id.* at 5-8)

### IV. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, the provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Petitioner's reference to his conviction for burglary of a habitation.
[3]Petitioner's reference to his conviction for possession of a controlled substance.

4

>                (B)   the date on which the impediment to
>           filing an application created by State action
>           in violation of the Constitution or laws of
>           the United States is removed, if the
>           applicant was prevented from filing by such
>           State action;
>
>                (C)   the date on which the
>           constitutional right asserted was initially
>           recognized by the Supreme Court, if the right
>           has been newly recognized by the Supreme
>           Court and made retroactively applicable to
>           cases on collateral review; or
>
>                (D)   the date on which the factual
>           predicate of the claim or claims presented
>           could have been discovered through the
>           exercise of due diligence.
>
>      (2)   The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioner claims the Board has retroactively applied HB 1433 to his 20-year sentence and his release to mandatory supervision should be controlled by the law in effect at the time he committed the burglary offense in 1992. The statutory provision set forth in subsection (D) governs when the limitations period began to run as to this claim, namely, the date on which petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claim.

For purposes of this provision, the factual predicate of petitioner's claim was discoverable through due diligence at the time of his conviction on July 25, 2006. Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall,* 995 S.W.2d 151, 152 (Tex. Crim. App. 1999).

Contrary to petitioner's assertion, the Board has not applied HB 1433 to his 20-year sentence. Under the statute in effect when petitioner committed burglary of a habitation in 1992, he is, and remains, eligible for non-discretionary mandatory supervision release when his actual calendar time served plus any accrued good conduct time equals the maximum term to which he was sentenced, or 20 years. *See* Act of May 28, 1989, 75th Leg., R.S., chap. 785, § 5.01, 1989 Tex. Gen. Laws 3471, 3536-37. However, under the statute in effect when petitioner committed possession of a controlled substance in 2005, he is eligible for discretionary mandatory supervision release on his 6-year sentence, unless the Board determines that: (1) his accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) his release would endanger the public. TEX. GOV'T CODE ANN. §§ 508.147(a), 508.149(b) (Vernon 2004). Application of § 508.149(b) to his 6-

year sentence does not violate petitioner's constitutional rights under the ex post facto clause because his possession offense was committed after the effective date of § 508.149(b). *See McCall v. Dretke*, 390 F.3d 358, 363-66 (5th Cir. 2004). Thus, a petition raising petitioner's claim was due on July 25, 2007, absent any applicable tolling.

Petitioner's first time credit dispute resolution request tolled the limitations period from September through May 23, 2007, or 238 days, making his petition due on or before March 20, 2008. *Stone v. Thaler*, — F.3d —, 2010 WL 3034809, at *2 (5th Cir. Aug. 5, 2010). However, petitioner's second time credit dispute resolution request and his state habeas applications, filed after limitations had already expired, do not operate to toll the limitations period. *Id.* at *3; *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated rare and exceptional circumstances that would justify equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## V. CONCURRENT SENTENCE DOCTRINE

Petitioner also claims that he is serving only his 20-year sentence at this juncture because his 20-year sentence is the "holding" or "controlling" sentence, being the longest of the

two, and because TDCJ's time sheet reflects his sentence of record as being his 20-year sentence. Given this fact, petitioner argues that under the "concurrent sentence doctrine" the 6-year sentence becomes moot, and he is eligible for non-discretionary release on mandatory supervision under the 1992 law on the original 20-year sentence regardless of the 6-year sentence. (Pet'r Resp. at 1-3)

Assuming, without deciding, that this claim is timely, the concurrent sentence doctrine, if it is still viable, is not applicable in this matter. The concurrent sentence doctrine is a discretionary tool used to promote judicial economy. *See Benton v. Maryland*, 395 U.S. 784, 791 (1969). The doctrine provides that if a defendant is given concurrent sentences on several counts in an indictment and a conviction on one count is sustained then the reviewing court need not consider the validity of the convictions on the other counts. *United States v. Stovall*, 825 F.2d 817, 823-24 (5th Cir. 1987); *United States v. Montemayor*, 703 F.2d 109, 114 (5th Cir. 1983); *United States v. Evans*, 572 F.2d 455, 476 (5th Cir. 1978). Petitioner was convicted of his criminal offenses on different dates, in different counties, and under different indictments. The validity of his convictions or his sentences is not at issue.

Petitioner is obligated to serve both his sentences either in custody, on parole, or on mandatory supervised release. For an inmate serving two or more concurrent sentences, the inmate's "maximum term" is the longest of the concurrent sentences because this is the sentence that will keep him incarcerated for the longest amount of time. *Ex parte Ruthart,* 980 S.W.2d 469, 473 (Tex. Crim. App. 1998). The listing of petitioner's 20-year sentence as the sentence of record merely reflects petitioner's maximum term of incarceration, not that he is serving only that sentence.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as time-barred as to ground one and denied as to ground two.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied as petitioner has not made a timely and/or substantial showing of

the denial of a constitutional right.

SIGNED August 25, 2010.

_____
JOHN McBRYDE
United States District Judge